UNITED STATES BANKRUPTCY COURT          WESTERN DISTRICT OF WISCONSIN

In re

Delbert William Karns and
Ruth A. Karns,

Case No. ____

        Debtors.

# CHAPTER 13 PLAN

1. The petitioners will pay or cause to be paid to the trustee $400 per month for 36 months, directly or by such assignment as the trustee may direct.

2. From such funds paid in, the trustee will pay the following allowed claims in the order stated, except as otherwise provided in this plan or the schedule of debts:

    a. Filing fees, attorneys fees, and administrative expenses as the court may direct.

    b. The claim of AHMSI, if proven as a fully secured home mortgage claim, shall, notwithstanding any other provision hereof, be treated as a continuing claim pursuant to 11 U.S.C. 1322(b)(5). The petitioners shall make direct monthly payments to the creditor as if current, and such arrearage claim as may be proven shall be paid by the trustee concurrently with general secured claims. Any default on such claim may be cured pursuant to this paragraph, and shall not be deemed cured or waived otherwise. The creditor shall retain its lien on the petitioners' homestead until its claim is paid in full. Such creditors shall provide monthly statements and payment materials to the debtor substantively conforming to the confirmed plan of reorganization and in other respects at least equivalent to those provided absent bankruptcy proceedings.

    c. The mortgage lien claim of GMAC Mortgage shall be avoided, and any claim of such credit shall be treated as unsecured.

    d. Secured claims, including any mortgage arrearage claims, in full, with interest on the declining balance at the rate of 5 percent, any higher rate stated in a proof of claim nothwithstanding except that mortgage arrearage claims shall bear no interest.
    Real estate taxes for 2010, prorated to date of filing

on the basis of 2009 taxes, shall be included in the pre-petition real estate tax claim.

    e. Other claims entitled to priority under 11 U.S.C. 507, in full with interest or present-value payments where provided by law.

    f. Unsecured claims not placed in any other class, at the rate of such percent of the allowed claim as is possible from funds available (pro rata), estimated by the petitioner at 5 percent.

3. All adequate protections payments shall be made by the trustee except as otherwise provided.

4. The holder of a claim or executory contract as to which the petitioners make direct disbursements shall provide to the petitioners regular statements and other payment-related documentation identical or substantially similar to that provided absent a Bankruptcy Code filing. Such provision of documents and billing shall not violate the automatic stay. Such creditors shall otherwise remain bound by applicable bankruptcy statutes, rules and orders.

5. The petitioners shall have the right to sell or refinance any encumbered asset at any time, without further order or authorization of the court, provided such sale or refinancing pays in full or has the consent of all creditors with allowed or allowable claims secured by such asset. The petitioners may make payment to such creditors from such sale or refinancing directly to the creditor, and the sale shall otherwise be free and clear of liens. The debtors shall thereupon notify the trustee of such payment, and the secured claim shall be satisfied for purposes of this Chapter 13 case.

6. Claims not filed, disallowed for failure to file a timely claim, or otherwise not allowed will receive no payment under this plan.

7. Any default on any claim against the petitioners or their property shall be deemed cured and waived.

8. The petitioner shall have the right to surrender any encumbered asset at any time, without further order of the court, to the holder of the senior secured claim on such property, with notice to holders of any junior secured claims on such property. Secured claims on such property shall thereupon be satisfied for purposes of this Chapter 13 case.

9. The property of the estate shall not vest in the petitioners on the confirmation of the plan. The petitioner shall have full possession and control of all his or her property, with the right to dispose thereof without court order. The automatic stay of 11 U.S.C 362(a) shall be in full effect, without regard to the existence of prior Title 11 cases that, but for this provision, would negate, terminate, or limit the existence or effect of the automatic stay of

11 U.S.C 362(a).

    10. The petitioners may pre-pay any obligation under this plan at any time, with the same effect as if paid in installments at the times originally designated, without further notice to parties in interest or order of the court, and without regard to whether the plan has been in effect for 36 months or any other minimum time. Payments above or in addition to those required by the plan shall be considered prepayments rather than additional payments, unless otherwise designated.

    11. Confirmation of this plan shall preclude a motion under 11 U.S.C. 1301(c), and the payments provided hereunder shall be in full satisfaction of any claim with regard to which such a motion would be required.

    12. On payment in full of an allowed secured claim, the creditor shall satisfy and release all liens on which such secured status is based. Discrete items of collateral shall at petitioners' option be allowed as separate secured claims.

    13. No claim shall be protected from disallowance or modification solely on account of having been filed prior to confirmation of this plan of reorganization. Except as otherwise provided by order of the court, each claim shall be allowed, disallowed or modified under applicable statutes and rules without regard to whether such claim and any objection thereto were filed before or after confirmation of this plan of reorganization.

    14. All lawsuits and other proceedings to enforce in any court or forum a claim provided for in this Chapter 13 case shall be dismissed on confirmation of this plan of reorganization. Confirmation shall constitute an order to the holder of such claim to obtain such dismissal, and shall modify the automatic stay to any extent necessary to permit such dismissal. Such dismissal may be without prejudice, subject to the petitioner's right to seek other terms in the tribunal where the matter is pending.

    15. Additional debtor's attorneys fees shall be paid as a priority claim as stated in the disclosure of fees, in the amount of $1,174.00.

September 23, 2010           _____
                                   Delbert William Karns

September 23, 2010           _____
                                   Ruth A. Karns